UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| GOSS INTERNATIONAL AMERICAS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MAN ROLAND INC., and MAN ROLAND DRUCKMASCHINEN AG, <br><br> Defendants. <br><br> MAN ROLAND INC., and MAN ROLAND DRUCKMASCHINEN AG, <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> GOSS INTERNATIONAL AMERICAS, INC., and HEIDELBERGER DRUCKMASCHINEN AG, <br><br> Counterclaim Defendants. | Civil Action No. C-03-513-SM |

**DECLARATION OF T. CY WALKER, Esq.**

I, T. Cy Walker, declare as follows:

1. I am a member of the District of Columbia Bar and a member of the law firm of Kenyon & Kenyon, counsel for plaintiff Goss International Americas, Inc. ("Goss") in the above-captioned case. I am admitted *pro hac vice* to the bar of this Court in connection with this case.

2. Pursuant to Local Rule 37(a), true and accurate copies of Goss' First and Second Requests for Production of Documents and Goss's Third Set of Interrogatories are attached as

Exhibits 2–4, respectively, and Defendants' Responses to those discovery requests are attached as Exhibits 5–7, respectively.

3. True and accurate copies of the correspondence between counsel concerning these requests are attached as Exhibits 8–17, and 31-32.

4. True and accurate copies of the unpublished cases cited in the accompanying memorandum in support are attached as Exhibits 18–20.

5. True and accurate copies of relevant deposition testimony excerpts of Defendants' Rule 30(b)(6) designees are attached as Exhibits 21–27.

6. A true and accurate copy of Sporer Deposition Exhibit 2 is attached as Exhibit 28.

7. A true and accurate copy of the correspondence from Sidney Bresnick to Mark Hannemann dated September 8, 2005 is attached as Exhibit 29.

8. A true and accurate copy of a Reeves advertisement for a Vulcan Synthesis tubular printing blanket is attached as Exhibit 30.

9. Pursuant to Local Rule 7.1(c) and Fed. R. Civ. P. 37(a)(2)(B), I certify that I have attempted in good faith, through correspondence and by telephone, to confer with Defendants' counsel in this case in an attempt to obtain the requested discovery without court action. Unfortunately, the efforts to resolve the issues presented in this motion ultimately were unsuccessful.

10. On August 4, 2005, I wrote Defendants' counsel, Jeffrey Howard, requesting yet again that he notify me whether Defendants intended to provide Goss with the discovery that was the subject of numerous previous letters, attaching thereto our earlier letters. *See* Exhibit 16.

11. On August 10, 2005, I spoke briefly by phone with Defendants counsel, Sidney Bresnick. During this phone call, I confirmed his receipt of my August 4, 2005 letter to Mr.

Howard and inquired as to Defendants' position with respect to the requests made in that letter. Mr. Bresnick responded by telling me that he could not provide me with Defendants' position on those issues, that it was being discussed, and that I could expect a letter on that subject in the next day or two.

12. When I specifically asked Mr. Bresnick why Defendants had not produced documents relating to their defenses and counterclaims when it was clear from the face of their pleadings and interrogatories that he was in possession of documents relating to these claims that had not previously been produced in the litigation by either party, he said he did not believe the documents needed to be produced to Goss because (1) they were publicly available documents and (2) they did not come from the client's files, but rather were gathered by Defendants' counsel and not provided to Defendants, and thus were not in Defendants' possession, custody or control. When I informed Mr. Bresnick that I did not think his position was well supported, and requested that he share with me the legal authority he was relying on in support his position, Mr. Bresnick stated that he was not prepared to do so.

13. As of the date of this declaration, I still have received no substantive response from Defendants' counsel concerning the issues raised in my August 4, 2005 letter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 15, 2005.              _____
                                                           T. Cy Walker