UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Goss International Americas, Inc.,
     Plaintiff

     v.

MAN Roland, Inc. and
MAN Roland Druckmaschinen AG,
     Defendants

                                 Civil No. 03-cv-513-SM

MAN Roland, Inc. and
MAN Roland Druckmaschinen AG,
     Counterclaim Plaintiffs

     v.

Goss International Americas, Inc.
and Heidelberger Druckmaschinen AG,
     Counterclaim Defendants

## **O R D E R**

A pretrial status conference was held on April 26, 2006.

Problems posed by the large volume of pleadings in this case
(some four hundred docket entries and counting, many of them both
lengthy and heavily appended), as well as the seemingly unchecked
sealing of documents pursuant to the agreed-upon protective
order, were discussed. Some case management controls are needed
to make better use of the court's limited resources, and, after

providing counsel with an opportunity to comment, the following procedures are adopted for this case.

1.      Within thirty (30) days, and every sixty (60) days thereafter, a pretrial status conference will be held in the courtroom, at which time counsel may make oral proffers identifying the nature and substance of any motions they wish to file.  If it seems appropriate, the court will entertain an oral motion on the subject, hear objections, and rule promptly, or, permit a written motion to be filed supported by memorandum of not more than fifteen pages, and objections supported by memorandum of not more than fifteen pages.

        Except for emergencies or genuinely compelling circumstances, no motions will be filed without first being proffered at a status conference.

2.      The court will review all previously sealed documents with a view toward unsealing all those for which good cause to seal does not exist beyond the parties' agreement under the protective order.  Unsealed documents will be returned to the parties, without prejudice to resubmitting, as necessary, either as unsealed documents, or accompanied by a

motion for leave to seal establishing good cause (but see No. 1 above).

3.      Local counsel shall certify that written motions filed with the court are, in their good faith judgment, consistent with the New Hampshire Bar Association's Litigation Guidelines in all respects.

This case shall be referred for mediation to David W. Plant, Esq., of New London, New Hampshire.  The parties (Goss, MAN Roland, Heidelberger) shall share the costs of mediation equally. Ongoing mediation will not delay the litigation schedule.

Trial is continued until the March, 2007, trial period.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

April 27, 2006

3

```
cc:  Daniel E. Will, Esq.
     Hugh T. Lee, Esq.
     Richard S. Gresalfi, Esq.
     Georg C. Reitboeck, Esq.
     Mark A. Hannemann, Esq.
     Michael J. Lennon, Esq.
     T. Cy Walker, Esq.
     Danielle L. Pacik, Esq.
     Jonathan M. Shirley, Esq.
     Alfred H. Hemingway, Jr., Esq.
     Irvin D. Gordon, Esq.
     Martin B. Pavane, Esq.
     Michael J. Songer, Esq.
     Shari R. Lahlou, Esq.
     Sidney R. Bresnick, Esq.
     Teodor J. Holmberg, Esq.
     Richard D. Margiano, Esq.
     John F. Sweeney, Esq.
     Steven F. Meyer, Esq.
     Tony V. Pezzano, Esq.
     Bruce W. Felmly, Esq.
     Seth J. Atlas, Esq.
     Anthony S. Augeri, Esq.
```