UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Goss International Americas, Inc.,
      Plaintiff

      v.

MAN Roland, Inc. and
MAN Roland Druckmaschinen AG,
      Defendants

MAN Roland, Inc. and
MAN Roland Druckmaschinen AG
      Counterclaim Plaintiffs

      v.

Goss International Americas, Inc.
and Heidelberger Druckmaschinen AG,
      Counterclaim Defendants

Civil No.  03-cv-513-SM
Opinion No. 2007 DNH 029

**O R D E R**

In a prior order (document no. 101), the court dismissed Count 5 of MAN Roland's counterclaim against Heidelberger, to the extent it relates to the '251 patent.  A subsequent order (document no. 410) granted summary judgment in Heidelberger's favor on the Walker Process claims in Count 5, as they relate to the '734 and '100 patents.  All that remains of Count 5 is the sham litigation and Walker Process claim to the extent they relate to the '587 application.

Heidelberger has filed a motion for summary judgment, arguing that both the sham litigation and Walker Process claims fail because revival of the '587 application was immaterial to prosecution of the '100 and '734 patents.  MAN Roland objects by what it terms a "preliminary objection,"[1] that does not address the materiality issue, and instead focuses on whether the '587 patent was improperly revived and who, within Heidelberger, was authorized to make the decisions to abandon and later revive the application.

**The Legal Standard**

Section 2 of the Sherman Antitrust Act makes it unlawful for any person to "monopolize, or attempt to monopolize . . . any part of the trade or commerce among the several States." 15 U.S.C. § 2; see also 15 U.S.C. § 15(a) (granting a private right of action to "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws").  A successful monopolization claim under section 2 requires actual monopoly power and a wrongful act designed to enhance that power.  Town of Norwood v. N.E. Power

---

[1] MAN Roland has also asked the court for additional time to more fully respond to Heidelberger's motion (document no. 434), asserting that it needs additional discovery on the issue of the '587 application.  Because the court resolves the instant motion on independent grounds, however, the motion for additional time is moot.

Co., 202 F.3d 408, 420-21 (1st Cir. 2000) (citing Otter Tail Power Co. v. United States, 410 U.S. 366, 377 (1973); United States v. Grinnell Corp., 384 U.S. 563, 570-71 (1966)). A successful attempted monopolization claim under section 2 requires anticompetitive conduct, a specific intent to monopolize, and a dangerous probability of success. Spectrum Sports, Inc. v. McQuillan, 506 U.S. 447, 454-56 (1993).

Walker Process claims form a subset of section 2 claims in which the allegedly anticompetitive conduct is the enforcement of a fraudulently procured patent. Walker Process Equip., Inc. v. Food Mach. & Chem. Corp., 382 U.S. 172, 177 (1965). To establish a claim for Walker Process fraud, the antitrust plaintiff must prove, inter alia, that the patentee "obtained the patent by knowingly and willfully misrepresenting facts to the [PTO]," id., and that the party enforcing the patent was aware of the fraud at the time of enforcement. Nobelpharma AB v. Implant Innovations, Inc., 141 F.3d 1059, 1069 (Fed. Cir. 1998) (citation omitted). Moreover,

> a finding of Walker Process fraud . . . must be based on independent and clear evidence of deceptive intent together with a clear showing of reliance, i.e., that the patent would not have issued but for the misrepresentation or omission.

Id. at 1071.

3

Sham litigation claims form another subset of section 2 claims, in which the allegedly anticompetitive conduct is the enforcement of a patent through litigation, with knowledge that the patent is invalid or not infringed.  C.R. Bard, Inc. v. M3 Sys., Inc., 157 F.3d 1340, 1368 (Fed. Cir. 1998).  To establish a claim for sham litigation, the antitrust plaintiff must prove, inter alia, that the challenged lawsuit is objectively baseless and subjectively motivated "to interfere directly with the business relationships of a competitor."  Prof'l Real Estate Investors v. Columbia Pictures Indus., Inc., 508 U.S. 49, 60-61 (1993) (quoting E. R.R. Presidents Conf. v. Noerr Motor Freight, Inc., 365 U.S. 127, 144 (1961)) (emphasis added in PRE).  A lawsuit is objectively baseless if "no reasonable litigant could realistically expect success on the merits."  PRE, 508 U.S. at 60.  A patent infringement suit is objectively baseless when the infringement plaintiff knows that the patent is invalid or not infringed.  See C.R. Bard, 157 F.3d at 1368.

## Discussion

Heidelberger argues that because the '587 application was immaterial to the validity of the '100 and '734 patents, MAN Roland's claims of Walker Process fraud and sham litigation must

fail.[2]  In essence, Heidelberger asserts that even if it had engaged in inequitable conduct related to the '587 application, such conduct would be irrelevant to this case, because the '587 application is unrelated to the '100 and '734 patents.[3]

MAN Roland does not address the materiality issue in its objection, thereby conceding the point.[4]  Indeed, the record reveals that both the '100 and '734 patents can trace their ancestry back through continuations dated prior to the abandonment and subsequent revival of the '587 application.  So, it cannot be said that Heidelberger knew or should have known that the '100 and '734 patents were invalid based upon alleged inequitable conduct related to the '587 application, thereby

---

[2] As discussed above, sham litigation claims may be based upon any objectively baseless action, including situations where the patent infringement plaintiff knows that the patent it seeks to enforce is invalid or not infringed.  Here, as Heidelberger notes, MAN Roland has limited its sham litigation claim to allegations of inequitable conduct in the prosecution of the '587 patent, a premise to which MAN Roland does not object.  See Countercl. Def.'s Mot. Summ. J. (document no. 425) 24 n. 20.

[3] Heidelberger also argues, alternatively, that even if the '587 application is germane to the patents in suit, it is liable on neither the Walker Process nor sham litigation claims because its revival of the '587 application was proper.  Because the motion can be resolved on the materiality issue alone, the court need not consider the alleged inequitable conduct in prosecuting the '587 application.

[4] See L.R. 7.2(b)(2) ("All properly supported material facts set forth in the moving party's factual statement shall be deemed admitted unless properly opposed by the adverse party").

precluding the sham litigation claim.  Similarly, the record does not show that the '100 and '734 patents would not have been issued but for the alleged fraud in reviving the '587 application, thereby precluding the <u>Walker Process</u> claim.

## Conclusion

For the reasons given, the motion for summary judgment (document no. 425) is granted, which resolves all claims against Heidelberger.  MAN Roland's motion to continue (document no. 434) is denied as moot.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

March 12, 2007

cc: Daniel E. Will, Esq.
    Hugh T. Lee, Esq.
    Richard S. Gresalfi, Esq.
    Georg C. Reitboeck, Esq.
    Mark A. Hannemann, Esq.
    Michael J. Lennon, Esq.
    T. Cy Walker, Esq.
    Jonathan M. Shirley, Esq.
    Alfred H. Hemingway, Jr., Esq.
    Irvin D. Gordon, Esq.
    Martin B. Pavane, Esq.
    Michael J. Songer, Esq.
    Shari R. Lahlou, Esq.
    Sidney R. Bresnick, Esq.

```
Teodor J. Holmberg, Esq.
Richard D. Margiano, Esq.
John F. Sweeney, Esq.
Steven F. Meyer, Esq.
Tony V. Pezzano, Esq.
Bruce W. Felmly, Esq.
Seth J. Atlas, Esq.
Anthony S. Augeri, Esq.
```