UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Goss International Americas, Inc.,
    Plaintiff

    v.

MAN Roland, Inc. and
MAN Roland Druckmaschinen AG,
    Defendants                     Civil No. 03-cv-513-SM
                                              Opinion No. 2008 DNH 064

MAN Roland, Inc. and
MAN Roland Druckmaschinen AG,
    Counter Plaintiffs

    v.

Goss International Americas, Inc.,
    Counter Defendant

**O R D E R**

Before the court are four summary judgment motions filed by Goss International Americas, Inc. ("Goss"), and MAN Roland, Inc. ("MAN Roland"). In document no. 494, Goss moves for summary judgment of patent validity arguing that U.S. Patent Nos. 6,374,734, 6,386,100, and 6,739,251 ("the patents-in-suit") are valid and nonobvious. In document nos. 498, 500, and 502, MAN Roland moves for summary judgment arguing that the patents-in-suit are invalid due to obviousness. Because there are genuine issues of material fact, all four motions are unavoidably denied.

**Standard of Review**

When ruling on a party's motion for summary judgment, the court must "view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990). Summary judgment is appropriate when the record reveals "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In this context, "a fact is 'material' if it potentially affects the outcome of the suit and a dispute over it is 'genuine' if the parties' positions on the issue are supported by conflicting evidence." Int'l Ass'n of Machinists and Aerospace Workers v. Winship Green Nursing Ctr., 103 F.3d 196, 199-200 (1st Cir. 1996) (citations omitted).

**Discussion**

An invention is not patentable "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103. Obviousness is a question of law based on an underlying factual inquiry. Graham v. John Deer Co., 383 U.S. 1,

17 (1966). The underlying factual inquiry requires a court to (1) determine the scope and content of the prior art, (2) ascertain the difference between the prior art and the claims at issue, and (3) resolve the level of ordinary skill in the pertinent art. KSR v. Teleflex, 127 S. Ct. 1727, 1734 (2007) (quoting Graham, 383 U.S. at 17-18). Summary judgment, therefore, is only available if there are no genuine issues as to any material fact relating to the Graham inquiry.

Summary judgment in this case is unavailable to either party because there is a genuine issue of material fact – the parties dispute, among other things, the scope and content of the relevant prior art.

> A prerequisite to making a finding on the scope and content of the prior art is to determine what prior art references are pertinent. In re Clay, 966 F.2d 656, 658 (Fed. Cir. 1992). Whether a prior art reference is analogous is a question of fact. Id. A reference is analogous if it is from the same field of endeavor as the invention. Id. at 658-59. . . . If a reference is outside the inventor's field of endeavor, it is still analogous art if the reference "is reasonably pertinent to the particular problem with which the inventor is involved." Id. at 659.

State Contracting & Eng'g Corp v. Condotte Am., Inc., 346 F.3d 1057, 1069 (Fed. Cir. 2003). According to Goss's expert, Dr. Bernard Roth, a person of ordinary skill in the art would not

look to prior art related to flat printing blanket technology to develop a gapless tubular printing blanket.  Roth states that flat blanket technology is not within the same field as the invention, nor was it pertinent to the problem Goss was trying to solve.  Flat blanket technology, Ross asserts, cannot be considered analogous art.  MAN Roland, however, asserts that Goss knew of and used flat blanket technology in developing its gapless printing blanket design.  MAN Roland references a statement in Application No. 07/417,587 where Goss claimed that a tubular printing blanket could be formed by affixing a flat blanket to a tubular form.  Since Goss itself used flat blanket technology in developing a tubular blanket, MAN Roland asserts, flat blanket technology is analogous art to be considered in the obviousness inquiry.  Because a fact-finder could reasonably conclude that the patents-in-suit are obvious in light of prior flat blanket technology, summary judgment of obviousness or nonobviousness is unavailable.

## Conclusion

Because there is a genuine issue as to the scope and content of the relevant prior art – i.e., whether prior flat blanket technology is pertinent – and because consideration of flat blanket technology could materially affect the determination of

obviousness and, so patent validity, summary judgment is unavailable. Goss's motion for summary judgment (document no. 494) and MAN Roland's motions for summary judgment (document nos. 498, 500, and 502) are necessarily denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

March 28, 2008

cc:  John F. Sweeney
     Tony V. Pezzano
     Seth J. Atlas, Esq.
     Russell Beck, Esq.
     Sidney R. Bresnick, Esq.
     Bruce W. Felmly, Esq.
     Irvin D. Gordon, Esq.
     Richard S. Gresalfi, Esq.
     Mark A. Hannemann, Esq.
     Alfred H. Hemingway, Jr., Esq.
     Teodor J. Holmberg, Esq.
     Shari R. Lahlou, Esq.
     Hugh T. Lee, Esq.
     Michael J. Lennon, Esq.
     Richard D. Margiano, Esq.
     Steven F. Meyer, Esq.
     Martin B. Pavane, Esq.
     Georg C. Reitboeck, Esq.
     Jonathan M. Shirley, Esq.
     Michael J. Songer, Esq.
     T. Cy Walker, Esq.
     Daniel E. Will, Esq.