UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Goss International Americas, Inc.,
    Plaintiff

    v.

MAN Roland, Inc. and
MAN Roland Druckmaschinen AG,
    Defendants                    Civil No.03-cv-513-SM
                                  Opinion No. 2008 DNH 063
MAN Roland, Inc. and
MAN Roland Druckmaschinen AG,
    Counterclaim Plaintiffs

    v.

Goss International Americas, Inc.,
    Counterclaim Defendant


**O R D E R**


In document no. 496, plaintiff moves for summary judgment that defendants infringed dependent claims 2, 3, 10, 11, and 12 of the '734 patent and dependent claims 2, 3, 4, 6, 7, and 8 of the '251 patent.[1]  Defendants object.  For the reasons given, plaintiff's motion for summary judgment is granted.

The disputed dependent claims from the '734 patent include the following:

---

[1] In document no. 528, the parties stipulated that defendants have infringed dependent claims 4, 5, 7, 8, and 9 of the '734 patent and dependent claim 5 of the '251 patent.

>    **2.** The tubular printing blanket of claim **1**, further comprising an inextendable layer between said inner and outer layers.
>
>    **3.** The tubular printing blanket of claim **1**, wherein said intermediate layer includes an inextendable material.
>
>    **10.** The tubular printing blanket of claim **1**, further comprising an inextendable layer of material.
>
>    **11.** The tubular printing blanket of claim **10**, wherein the inextendable layer of material is located between the outer layer and the intermediate layer.
>
>    **12.** The tubular printing blanket of claim **10**, wherein the inextendable layer of material is located between the inner layer and the intermediate layer.

'734 patent, col. 12, ll. 39-43, 57-64.  The disputed dependent claims from the '251 patent include the following:

>    **2.** The offset lithographic printing press as recited in claim **1** further comprising a layer of inextendable material in the printing blanket.
>
>    **3.** The offset lithographic printing press as recited in claim **1** further comprising an inextendable material disposed between the intermediate layer and outer layer of the printing blanket.
>
>    **4.** The offset lithographic printing press as recited in claim **1** further comprising an inextendable material disposed in the intermediate layer of the printing blanket.
>
>    **6.** The offset lithographic printing press as recited in claim **5** further comprising a layer of inextendable material in the printing blanket.

>    **7**. The offset lithographic printing press as recited in claim **5** further comprising an inextendable material disposed between the intermediate layer and outer layer of the printing blanket.
>
>    **8**. The offset lithographic printing press as recited in claim **5** further comprising an inextendable material disposed in the intermediate layer of the printing blanket.

'251 patent, col. 13, ll. 4-13, col. 14, ll. 3-12.

Plaintiff argues that all the limitations stated in the disputed claims are present in the accused devices, which renders them infringing. For their part, defendants accept plaintiff's construction of the terms "inextendable layer" and "inextendable material" as being "one that gives substantial tensile strength, for example, a fabric," and "admit[ ] that the Reeves blankets include fabric layers and [that] the MacDermid blankets have Kevlar fibers therein, whose purpose is to give strength to the blankets." However, they argue that the accused devices do not infringe the claims at issue because: (1) during the prosecution of '668 application, the applicants "distinguished the inextendable fabric layers of the prior art from their invention on the basis that they were <u>not</u> gapless and seamless"; (2) based upon that prosecution history, the disputed claims should be construed to require that the claimed inextendable layer or material is both seamless and continuous; and (3) the

inextendable layers and inextendable materials in the Reeves and MacDermid blankets are not seamless or continuous.  More specifically, defendants argue that if the disputed claims are construed to include the limitations they advocate, the accused devices do not infringe – an argument that appears to concede infringement if the claims are not construed in their favor. Plaintiff counters that: (1) the court has already rejected defendants' attempt to insert the limitations "seamless" and "continuous" into the three independent claims and should, on the same grounds, reject defendants' current attempt to insert those limitations into the dependent claims; and (2) the prosecution history upon which defendants rely is not relevant because the claims in the '668 application were narrower than the claims in the patents-in-suit, and the prosecution history of narrower claims does not limit the subsequent broader claims.

In document no. 403, the court construed the term "outer printing layer" to include a limitation that the outer printing layer claimed in the patents-in-suit is gapless, but not to include a limitation of the claimed invention to an outer printing layer that is devoid of any seam or splice.  That determination alone is not dispositive of the question before the court, which is whether the terms "inextendable layer" and

"inextendable material" in the claims at issue – which pertain to layers other than the outer printing layer – are properly construed to include the further limitations "seamless" or "continuous." However, defendants' arguments for including those limitations are not persuasive.

First of all, it is far from clear that the prosecution history of the '668 application has any bearing on the proper construction of the claims of the patents-in-suit. The '668 application initially claimed an "inextensible layer comprising a second seamless tubular body," and was rewritten to claim "a gapless and seamless cylindrical inextensible layer." The relevant claims of the patents-in-suit do not limit the claimed invention to a seamless or continuous printing blanket. Thus, the claims recited in the '668 application are narrower than those recited in the patents-in-suit. In Middleton, Inc. v. Minnesota Mining & Manufacturing Co., the Federal Circuit explained that the prosecution history of a narrower claim in a parent application did not limit the broader claims in a child application. 311 F.3d 1384, 1389 (Fed. Cir. 2002); cf. Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc., 265 F.3d 1294, 1305 (Fed. Cir. 2001). Based upon the reasoning of Middleton, it would appear that the prosecution history upon which defendants

rely is inapplicable to construing the claims of the patents-in-suit.

Moreover, even if the prosecution history did, theoretically, have a bearing upon the claims of the patents-in-suit, defendants' substantive argument would be unavailing. Defendants correctly report that during the prosecution of the '668 application, the applicants explained to the PTO, in a written amendment to the rejection of claim 1, that "no prior art reference discloses a cylindrical inextensible layer that is gapless and seamless." The rejected claim recited, in relevant part, "an inextensible layer over said compressible layer, said inextensible layer comprising a second seamless tubular body of elastomeric material and a tubular sublayer of circumferentially inextensible material." The rewritten claim recited, in relevant part, "a gapless and seamless cylindrical inextensible layer over said compressible layer, said inextensible layer including a circumferentially inextensible material." That a claim reciting a "gapless and seamless cylindrical inextensible layer" was sufficient to overcome the prior art does not demonstrate that a claim reciting "inextendable layer" or "inextendable material" is not sufficient to overcome the prior art without reading in the additional limitations of "seamless" or "continuous." Thus, the

prosecution history of the '668 application does not support defendants' argument that those limitations must be included in the disputed claims.

## Conclusion

Because defendants' sole argument against plaintiff's motion for summary judgment is unavailing, and because all the limitations recited in the claims at issue are present in the accused devices, plaintiff's motion for summary judgment (document no. 496) is granted.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

March 28, 2008

cc:   John F. Sweeney
      Tony V. Pezzano
      Seth J. Atlas, Esq.
      Russell Beck, Esq.
      Sidney R. Bresnick, Esq.
      Bruce W. Felmly, Esq.
      Irvin D. Gordon, Esq.
      Richard S. Gresalfi, Esq.
      Mark A. Hannemann, Esq.
      Alfred H. Hemingway, Jr., Esq.
      Teodor J. Holmberg, Esq.
      Shari R. Lahlou, Esq.
      Hugh T. Lee, Esq.
      Michael J. Lennon, Esq.
      Richard D. Margiano, Esq.

```
Steven F. Meyer, Esq.
Martin B. Pavane, Esq.
Georg C. Reitboeck, Esq.
Jonathan M. Shirley, Esq.
Michael J. Songer, Esq.
T. Cy Walker, Esq.
Daniel E. Will, Esq.
```