UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>Goss International Americas, Inc.</u>,
    Plaintiff

    v.

<u>MAN Roland, Inc. and</u>
<u>MAN Roland Druckmaschinen AG</u>,
    Defendants

<u>MAN Roland, Inc. and</u>
<u>MAN Roland Druckmaschinen AG</u>,
    Counterclaim Plaintiffs

    v.

<u>Goss International Americas, Inc.</u>,
    Counterclaim Defendant

Civil No.03-cv-513-SM
Opinion No. 2008 DNH 146

**O R D E R**

MAN Roland moves <u>in limine</u> (document no. 620) to preclude Goss "from asserting claims of inducement [of infringement] and contributory infringement, and from introducing evidence relevant to either of those claims." Goss objects.

The Patent Act provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention . . . infringes the patent." 35 U.S.C. § 271(a). The Act also provides that those who induce infringement

by another and those who contribute to another's infringement are also liable as infringers.  See 35 U.S.C. §§ 271(b) and ©.

"As in the case of contributory infringement under Section 271©, liability for inducement under Section 271(b) depends on a showing that the conduct being induced constitutes direct infringement."  5 DONALD S. CHISUM, CHISUM ON PATENTS § 17.04[1] (2007); see also Aro Mfg. Co. v. Convertible Top Replacement Co., 377 U.S. 476, 483 (1964) ("[I]t is settled that if there is no direct infringement of a patent there can be no contributory infringement."); Joy Techs., Inc. v. Flakt, Inc., 6 F.3d 770, 774 (Fed. Cir. 1993) ("Liability for either active inducement of infringement or for contributory infringement is dependent upon the existence of direct infringement.").  Thus, "it stands to reason – as the Nevada district court held – that direct infringement [by a third party] also must be pleaded in the complaint in order to state a claim for inducement of infringement and contributory infringement."  Fuji Mach. Mfg. Co. v. Hover-Davis, Inc., 936 F. Supp. 93, 95 (W.D.N.Y. 1996) (citing Shearing v. Optical Radiation Corp., 1994 WL 382444 (D. Nev. March 25, 1994)).

In <u>Fuji</u>, the district court held that claims for inducement of infringement and contributory infringement were stated by a complaint that alleged:

> Upon information and belief, Hover-Davis has infringed claims of U.S. Patent No. 4,740,136 by selling and marketing parts feeders, in this district and elsewhere in the United States, <u>which have been used by others in (1) apparatus within the scope of claims of U.S. Patent No. 4,740,136 and (2) methods within the scope of claims of U.S. Patent No. 4,740,136</u>. These parts feeders include, at least, Hover-Davis parts feeders model numbers HDF 8 x 4, HDF 12 x 4/8, HDF 16 x 8 and HDF 16 x 12.

<u>Id.</u> (quoting the complaint). As noted by the court in <u>Fuji</u>, "[t]he complaint specifically allege[d] infringement by non-parties to the action as a basis for Fuji's claim of inducement of infringement and contributory infringement against Hover-Davis." <u>Id.</u> at 96. Here, by contrast, Goss's complaint alleges:

> Despite knowing of the '734 Patent, Defendants have been and still are willfully infringing the '734 Patent by making, using, offering to sell, and selling within the United States, and by importing into the United States, certain tubular printing blankets and offset lithographic printing presses, including the "Rotoman S" printing presses, embodying the patented invention, and will continue to do so unless enjoined by this Court.

(Supp. Compl. ¶ 7.) That allegation tracks the language of Section 271(a), and includes no mention of direct infringement by any party other than MAN Roland. Thus, it does not state a claim

for inducement of infringement or contributory infringement.[1] Goss's proposed Second Amended Complaint is no help; neither the inducement claims nor the claims of contributory infringement adequately allege direct infringement by a non-party.

Moreover, any attempt by Goss to amend its complaint to add such claims would be futile. "Contributory infringement actions are limited to situations where defendant itself has not directly infringed the patent by making, using, or selling the invention, under 35 U.S.C. § 271(a), but has induced someone else to infringe the patent." Self v. Fisher Controls Co., 566 F.2d 62, 64 (9th Cir. 1977) (citations omitted); see also Nationwide Chem. Corp. v. Wright, 458 F. Supp. 828, 838 (M.D. Fla. 1976) ("Inducement is found when one knowingly causes, or urges, or encourages or aids another in the infringement of a patent claim, even though he himself has not infringed the patent claim by making, using or selling the invention.") (citation omitted).

---

[1] Goss does cite a case in which the court held that a "general pleading of infringement pursuant to Section 271 was sufficient to plead both direct and indirect infringement," Nilssen v. Motorola, Inc., Nos. 96 C 5571 and 98 C 2229, 2002 WL 206007, at *14 (N.D. Ill. Feb. 8, 2002). But Nilssen, unlike this case, involved a defendant that had successfully resisted the plaintiff's motion for summary judgment on direct infringement. Because MAN Roland has been found liable for direct infringement, Nilssen is not applicable, for reasons explained more fully below.

Here, of course, MAN Roland is liable as a direct infringer, for making and selling the patented inventions, which means that it cannot also be liable for indirect infringement.  See Jervis B. Webb Co. v. So. Sys., Inc., 495 F. Supp. 145, 147 (E.D. Mich. 1980) ("[O]ne who induces an infringement and a direct infringer cannot be the same person or entity.").

"The doctrine of contributory infringement [is] a means of holding liable a person who [is] not a direct infringer but who aided and abetted a direct infringement."  Id. (citation omitted).  It is not a means for augmenting the damages a patent holder may collect from a defendant who is liable for direct infringement.  Cf. U.S. Fid. & Guar. Co. v. Star Techs., Inc., 935 F. Supp. 1110, 1115 (D. Or. 1996) ("Generally speaking, a direct infringer cannot also be liable as an inducer to infringe based on the same act.  As several courts have pointed out, the act of encouraging someone to purchase a product is necessarily subsumed by the actual sale of that product.") (citations omitted).

Because MAN Roland's status as a direct infringer precludes liability for inducing or contributing to infringement, under the

circumstances of this case, MAN Roland's motion <u>in</u> <u>limine</u> (document no. 620) is granted.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

August 15, 2008

cc: Seth J. Atlas, Esq.
    Russell Beck, Esq.
    Bruce W. Felmly, Esq.
    Irvin D. Gordon, Esq.
    Richard S. Gresalfi, Esq.
    Mark A. Hannemann, Esq.
    Alfred H. Hemingway, Jr., Esq.
    Teodor J. Holmberg, Esq.
    Shari R. Lahlou, Esq.
    Hugh T. Lee, Esq.
    Michael J. Lennon, Esq.
    Richard D. Margiano, Esq.
    Steven F. Meyer, Esq.
    Martin B. Pavane, Esq.
    Tony v. Pezzano, Esq.
    George C. Reiboeck, Esq.
    Jonathan M. Shirley, Esq.
    Michael J. Songer, Esq.
    John F. Sweeney, Esq.
    T. Cy Walker, Esq.
    Daniel E. Will, Esq.