UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Goss International Americas, Inc.,
    Plaintiff

    v.

MAN Roland, Inc. and
MAN Roland Druckmaschinen AG,
    Defendants                    Civil No.03-cv-513-SM
                                                                Opinion No. 2008 DNH 147
MAN Roland, Inc. and
MAN Roland Druckmaschinen AG,
    Counterclaim Plaintiffs

    v.

Goss International Americas, Inc.,
    Counterclaim Defendant

**O R D E R**

MAN Roland moves <u>in limine</u> (document no. 540) to preclude Goss "from introducing its damages expert Daniel McGavock's opinion that Goss is entitled to damages based on the economic value that MAN Roland's customers achieve by using the Rotoman S press, as well as any related testimony or other evidence." Goss objects.

Whether economic value to MAN Roland's customers resulting from use of the infringing press constitutes a permissible measure of damages in this case is a question of law for the

court.  Therefore, MAN Roland's motion is granted to the extent it seeks to preclude Goss from eliciting Mr. McGavock's opinion on that legal matter at trial.  Moreover, because there is no legal basis for awarding damages to Goss based upon the economic value of the Rotoman S press realized by MAN Roland's customers (presumably as compared to their use of previously operated equipment), MAN Roland's motion is also granted to the extent it seeks to preclude the introduction of opinions or evidence on that factual matter.

Goss prevailed on its claims that MAN Roland infringed the patents-in-suit by making and selling the Rotoman S press.  Thus, it is necessary to determine the proper framework for awarding damages against MAN Roland for its infringement, to the extent it fails to avoid liability on other grounds.  The Patent Act provides:

> Upon finding for the claimant the court shall award the claimant damages <u>adequate to compensate for the infringement</u>, but in no event less than a reasonable royalty for the use made of the invention <u>by the infringer</u>, together with interest and costs as fixed by the court.

35 U.S.C. § 284 (emphasis added).

Given the compensatory nature of patent damages, a patent owner will often seek, and be awarded, either lost profits or "the royalty rate established by prior actual licenses for acts comparable to those engaged in by the infringer without authority."  7 DONALD S. CHISUM, CHISUM ON PATENTS § 20.03[2] (2007). On the other hand, "[t]he courts have developed the reasonable royalty measure as a means of providing a just recovery to a patent owner who could not, for evidentiary or other reasons, prove lost profits or an established royalty."  Id. at § 20.03[3]; see also Stickle v. Heublein, Inc., 716 F.2d 1550, 1560-61 (Fed. Cir. 1983) (explaining applicability of reasonable royalty as damages in situation where patent holder did not practice the invention and, thus, had no lost profits).  In appropriate cicrcumstances, "[a] patent owner may recover as a measure of damages . . . a reasonable royalty for the use made of the invention by the infringer."  7 CHISUM, supra, at § 20.03[3] (emphasis added).

Goss is free to elect between an award of lost profits or a reasonable royalty for MAN Roland's manufacture and sale of the Rotoman S press.  If a reasonable royalty would exceed lost

3

profits, then Goss is entitled to a reasonable royalty.[1]  See 35 U.S.C. § 284.  However, the economic value of the Rotoman S press to MAN Roland's customers has no place in the proper calculation of either Goss's lost profits or a reasonable royalty as between Goss and MAN Roland, which is the only infringer in this case.  Hence, evidence of the economic value of the Rotoman S to MAN Roland's customers is not relevant.

Because Goss earns all of its Sunday press profits from the price paid by its customers (Mot. in Limine (document no. 540), Ex. 1 (Brown Dep.) at 171), and derives no revenue from the cost savings or "enhanced value" realized by its customers (id.), economic value to end users is irrelevant to determining Goss's lost profits.

Evidence on that topic is also irrelevant to determining a reasonable royalty.  Section 284 provides that the damages awarded to a successful infringement claimant must be "in no event less than a reasonable royalty for the use made of the invention by the infringer."  Here, the only infringer is MAN Roland, and MAN Roland's infringement consists of the manufacture

---

[1] While the parties appear to agree on almost nothing, it seems clear that all would concur that there is no basis for an award based on an established royalty.

and sale of the Rotoman S press.  Thus, a reasonable royalty in this case would approximate the royalty MAN Roland ought to pay for making and selling the Rotoman S press.  MAN Roland has not been found liable for infringing the suit patents by using the Rotoman S to perform print jobs.  The economic value of the Rotoman S to customer-printers who infringe the suits-in-patent by using that press might be a proper component of a reasonable royalty that infringing printers ought to pay for using the patented invention.  But there are no infringing printers in this case; MAN Roland's customers are not before the court.  That the damages Goss seeks might be recoverable from other defendants does not make evidence of those damages relevant here.

To be sure, courts have considered economic advantages conferred by the use of an infringing device for its intended purpose when assessing a reasonable royalty, but those decisions involve cases in which the patent holder has sued an end user for its discrete acts of infringement. See, e.g., Monsanto Co. v. David, 516 F.3d 1009 (Fed. Cir. 2008) (defendant farmer infringed plaintiff's patent by planting seeds produced by plants grown from seeds containing plaintiff's patented genetic modification); Hanson v. Alpine Valley Ski Area, Inc., 718 F.2d 1075 (Fed. Cir. 1983) (defendant ski area infringed plaintiff's patent in

snowmaking apparatus by making snow with machines incorporating the patented invention); Stickle, 716 F.2d 1550 (defendant infringed plaintiff's patent in taco-shell fryer by manufacturing fryers and using them to make taco shells).  Monsanto, Hanson, and Stickle support the conclusion that a reasonable royalty imposed upon an infringing end user ought to take into account the economic value realized by its use of the invention.  But MAN Roland is not in the same position as the farmer in Monsanto, the ski area in Hanson, or the taco-shell seller in Stickle.  None of those three cases supports the notion that a reasonable royalty awarded as damages against a manufacturer and seller of an infringing device should include the cost savings realized by an end user further down the distribution chain.

   MAN Roland's customers do appear to be in a position comparable to the farmer, ski area, and taco-shell seller, and perhaps could, in the proper case, be held liable for a reasonable royalty based in part on the economic benefits attributable to use of the Rotoman S press.  But, as noted, those are issues for another day and other cases.  Moreover, Goss offers no support for its argument that MAN Roland is vicariously liable for infringing uses of the Rotoman S press by its customers.  For reasons discussed more fully in an order to

follow, indirect infringement is not properly a part of this case.  It is possible that MAN Roland and its customers could be joint tortfeasors, as Goss suggests, but not in a case, like this, that includes no claims of infringement against those customers.  The only alleged and named infringer in this case is MAN Roland, and the only infringement for which it has been held liable is the manufacture and sale of the Rotoman S press.  Goss need not recover a share of the economic value MAN Roland's customers realized by using the Rotoman S press to be fully and fairly compensated for MAN Roland's acts of infringement.  MAN Roland's infringement, at worst, deprived Goss of the opportunity to sell Sunday presses to Rotoman S customers.  That injury will be fully compensated when Goss recovers its lost profits attributable to the infringing sales.

     To conclude, the economic value of the Rotoman S press to MAN Roland's customers is irrelevant to determining either Goss's lost profits or a reasonable royalty MAN Roland ought to pay for its manufacture and sale of the infringing Rotoman S press.  Evidence related to that factual matter is irrelevant.  Accordingly, MAN Roland's motion <u>in</u> <u>limine</u> (document no. 540) is granted.

**SO ORDERED.**

*[signature]*
Steven J. McAuliffe
Chief Judge

August 15, 2008

cc:  Seth J. Atlas, Esq.
     Russell Beck, Esq.
     Bruce W. Felmly, Esq.
     Irvin D. Gordon, Esq.
     Richard S. Gresalfi, Esq.
     Mark A. Hannemann, Esq.
     Alfred H. Hemingway, Jr., Esq.
     Teodor J. Holmberg, Esq.
     Shari R. Lahlou, Esq.
     Hugh T. Lee, Esq.
     Michael J. Lennon, Esq.
     Richard D. Margiano, Esq.
     Steven F. Meyer, Esq.
     Martin B. Pavane, Esq.
     Tony v. Pezzano, Esq.
     George C. Reiboeck, Esq.
     Jonathan M. Shirley, Esq.
     Michael J. Songer, Esq.
     John F. Sweeney, Esq.
     T. Cy Walker, Esq.
     Daniel E. Will, Esq.